[No. 11178–7–I.   Division One.   April 11, 1984.]

DONNA KRUGER, *Respondent,* v. JAMES A. KRUGER, *Appellant.*

*George M. Newsham* and *Prince & Woodley, P.S.,* for appellant.

*Donna Kruger,* pro se.

CORBETT, A.C.J.—Husband, James A. Kruger, appeals a judgment interpreting a modified decree of dissolution and fixing the amount owed for unpaid child support. We affirm the interpretation of the decree and remand for determination of the current amount owed for unpaid child support.

The original decree of dissolution was entered in 1968. An order modifying the decree of dissolution was entered on February 1, 1974. This order provided that the husband owed unpaid child support in the amount of $4,550.50. It also provided for future support:

IT IS FURTHER ORDERED that, as set forth in the Decree, support for each child shall continue until age 21 years *so long as* such child is not sooner married, self-supporting, emancipated, and, above age 18, is engaged in a full time program of higher education, absent normal intervals for holidays or summer vacation.

(Italics ours.) With the exception of $600 paid in June 1976, the husband failed to pay child support until his wages were garnished in November 1980. Wife filed a motion asking the court to determine the amount of child support arrearage plus interest thereon and to compel the husband to pay current support. The trial court concluded that the husband owed $15,578.72 in past support and ordered him to pay support for one child while he was enrolled in school.

Husband first assigns error to the trial court's interpretation of the modified decree. One of the children, Clay, missed school from September 1978 through June 1979 due to a back injury. At other times, he was only a part-time student because of his back problems. Another child, Darby, missed school from January through March 1981 because of lack of funding. In calculating the amount of unpaid child support, the trial court included the time during which Clay and Darby were enrolled in school after age 18. Husband contends that the phrase "so long as" must be read as words of limitation, meaning "until such time," not "during such time." We disagree.

▆ Interpretation of a divorce decree presents a question of law for the court. *Hammond v. Hammond,* 26 Wn. App. 129, 131, 611 P.2d 1352 (1980). Since the language of the decree is ambiguous, we must determine the intent of the court that entered the decree. *In re Marriage of Gimlett,* 95 Wn.2d 699, 704–05, 629 P.2d 450 (1981); *Callan v. Callan,* 2 Wn. App. 446, 448, 468 P.2d 456 (1970). The general rules of construction applicable to contracts, statutes, and other writings are used. *Callan v. Callan, supra* at 449. The purpose of providing for support beyond age 18 clearly was to encourage and aid the children in pursuing higher education and to decrease any financial disadvantage they

might suffer in this regard as a result of their parents' divorce. *See Childers v. Childers,* 89 Wn.2d 592, 598, 575 P.2d 201 (1978). The more restrictive reading of the clause urged by the husband would not further this purpose. The trial court did not err by calculating the support arrearage to include those periods between their 18th and 21st birthdays during which Clay and Darby were enrolled in full–time programs of higher education.

Husband next assigns error to the trial court's finding that the statute of limitations was tolled during his 1½–year absence from the state during 1974 and 1975. The trial court included the $4,550.50 judgment that had been fixed in 1974 as part of the support arrearage.

The relevant statute of limitations, RCW 6.04.010, limits actions upon a judgment to 6 years (now 10 years). The rights and liabilities of the parties become fixed as to each installment of child support when it becomes due. *St. Germain v. St. Germain,* 22 Wn.2d 744, 757, 157 P.2d 981 (1945). Each installment of child support, when unpaid, becomes a separate judgment and bears interest from the due date. *Roberts v. Roberts,* 69 Wn.2d 863, 866, 420 P.2d 864 (1966); *Valley v. Selfridge,* 30 Wn. App. 908, 913, 639 P.2d 225 (1982). Relying upon the statutory forerunners of RCW 4.56.210 and RCW 6.04.010, the court in *St. Germain* held that 6 years after the installments of child support became due, they ceased to have any effect and afforded no basis for any proceedings to collect. The court stated:

"This statute, we think, is not a mere statute of limitation affecting a remedy only. It is more than that. It not only makes a judgment cease to be a 'charge against the person or estate of the judgment debtor' after six years from the rendering of the judgment, but also in terms expressly takes away all right of renewal of or action upon the judgment looking to the continuation of its duration or that of the demand on which it rests, for a

longer period than six years from the date of its rendition."

*St. Germain, supra* at 756, quoting *Roche v. McDonald,* 136 Wash. 322, 326–27, 239 P. 1015, 44 A.L.R. 444 (1925). The lump–sum judgment which was entered in 1974 clarified the amount then owed and did not establish a new date from which the statute of limitations would run. *Valley v. Selfridge, supra* at 916. Payments should first be applied to current support and thereafter to the oldest support obligation and the interest thereon. From the record, we cannot distinguish the amounts paid upon the support arrearage from current support payments. Since June 12, 1980, a 10–year statute of limitations is applicable. RCW 6.04.010. Therefore, we do not fix the amount now owed, but direct the trial court to make this determination.

■ Husband's final assignment of error is that the trial court abused its discretion by awarding the wife $1,500 in attorney's fees. An award of attorney's fees rests with the sound discretion of the trial court, which must balance the needs of the spouse requesting them with the ability of the other spouse to pay. *In re Marriage of Harshman,* 18 Wn. App. 116, 128, 567 P.2d 667 (1977). The court may also consider whether additional legal services were required because of the intransigence of a spouse. *In re Marriage of Harshman, supra* at 128; *Eide v. Eide,* 1 Wn. App. 440, 445, 462 P.2d 562 (1969). Wife submitted a monthly budget and a list of anticipated expenses. Her brief and the report of proceedings state that she submitted a statement of her assets listing only her house. In awarding the wife attorney's fees, the trial court cited her economic circumstances since the 1974 modification. The trial court's award is supported by the record. There was no abuse of discretion.

We affirm the award of attorney's fees and remand to the trial court for a current determination of the support

arrearage in accord with this opinion.

WILLIAMS and SCHOLFIELD, JJ., concur.