[No. 8428–1–III.   Division Three.   June 15, 1989.]

*In the Matter of the Marriage of* SHARON MACCARONE, *Appellant, and* GERALD S. MACCARONE, *Respondent.*

*W. Scott Lowry,* for appellant.

*Gerald S. Maccarone,* pro se.

THOMPSON, C.J.—Sharon Maccarone appeals a judgment establishing the amount of past–due child support and interest owed by her former husband, Gerald S. Maccarone. Mr. Maccarone cross–appeals, but has failed to assign error. We reverse and remand.

The Maccarones' 1971 divorce decree required Mr. Maccarone to pay $100 per month support for each of their two children. In 1981, Ms. Maccarone, who then lived in Florida, filed an action pursuant to the Uniform Reciprocal Enforcement of Support Act to collect unpaid child support, RCW 26.21. The Walla Walla Superior Court ordered Mr. Maccarone to make future support payments through the court, and to pay $1,000 per year on support arrearages. The amount of the arrearages was to be determined "in further proceedings herein".

In 1985, the Walla Walla County prosecuting attorney's office sought a contempt citation against Mr. Maccarone, alleging he had violated the 1981 orders. The court entered an agreed order requiring Mr. Maccarone to pay, in addition to his current support obligations, $100 per month on

the arrearages. Based on what the parties now agree was incomplete information, the court set the amount of arrearages at $2,066.66. The prosecuting attorney's office then filed a motion for reconsideration, seeking to establish the amount of arrearages at $12,117. The trial judge granted reconsideration and, using what he referred to as his "own unique accounting method", determined that the collectible arrearages totaled $5,266.66, with accrued interest of $990. An order to that effect was entered on February 2, 1987.

After both parties filed notices of appeal, the case was remanded for entry of findings of fact and conclusions of law. The trial court entered its findings and conclusions on October 17, 1988.

Mr. Maccarone suggests in his supplemental brief that the case should be remanded, but has not assigned error to the trial court's order. In fact, his respondent's brief suggests various ways in which the court's order may be upheld. In view of his failure to identify any error, Mr. Maccarone's cross appeal is dismissed.

The sole issue is whether the court properly calculated the amount of child support arrearages owed by Mr. Maccarone.

Each installment of unpaid child support becomes a separate judgment and bears interest from the due date. *Roberts v. Roberts,* 69 Wn.2d 863, 866, 420 P.2d 864 (1966). Any arrearage not collected within the statutory limitation period is barred. *Roberts,* at 866. The appropriate limitation period here is 10 years. RCW 4.16.020(2); *In re Marriage of Ulm,* 39 Wn. App. 342, 344, 693 P.2d 181 (1984).

In this case, the court calculated the arrearages by first determining Mr. Maccarone's total obligations during the 10–year period from January 1, 1977,[1] to December 31, 1986: $25,100. Then, apparently using figures supplied by

---

[1] The court's reference, in finding of fact 4, to February 1, 1976, apparently is a typographical error.

Ms. Maccarone,[2] the court determined Mr. Maccarone paid a total of $19,833.34 during that period, leaving a difference of $5,266.66.

Both parties agree that some of Mr. Maccarone's payments during the relevant 10–year period were in amounts greater than his current monthly support obligations. Those amounts apparently were to make up past arrearages, in compliance with the 1981 orders of the Walla Walla County Superior Court. Payments made for child support are allocated first to current obligations, *Roberts,* at 867–69, then to the oldest unexpired obligation and interest thereon. *Kruger v. Kruger,* 37 Wn. App. 329, 333, 679 P.2d 961 (1984); *see Chudzinski v. Chudzinski,* 26 Ariz. App. 130, 546 P.2d 1139, 1141–42 (1976); 60 Am. Jur. 2d *Payment* § 103, at 949–50 (1987) ("Where an involuntary payment is made before the statute of limitations has run, it should be applied to the oldest debts to save those last maturing from being barred").

The trial court allocated all of Mr. Maccarone's payments to his obligations during the 10–year limitation period. However, the law requires allocation of some of those payments to arrearages accumulated before that period. Even though collection of those arrearages is now barred, it may not have been barred at the time Mr. Maccarone made the payment. The court thus allocated the payments improperly. The order is reversed, and the case is remanded for findings that properly allocate Mr. Maccarone's payments for arrearages.

MUNSON and SHIELDS, JJ., concur.

---

[2]Mr. Maccarone argues the court may have allowed an equitable credit for payments he claims but is unable to prove. This argument is not supported by the court's findings.