[No. 27753-4-III.   Division Three.   October 15, 2009.]

*In the Matter of the Parentage of* KARA GOUDE.

DONNA GOUDE, *Respondent*, v. CARLOS LIESER, *Appellant*.

*Harry E. Ries*, for appellant.
*Nathan P. Albright*, for respondent.

¶1 BROWN, J. — Carlos C. Lieser appeals the trial court's decision to grant Donna Goude's child support modification request for postsecondary educational support for their daughter, Kara Goude. The trial court set $590 per month for Kara's postsecondary support by considering the basic child support obligation set in the economic table of the

child support schedule, educational costs, and Kara's estimated contributions to her college expenses. Mr. Lieser contends the trial court erred by not considering several postsecondary support factors in RCW 26.19.090 and in utilizing the child support schedule in calculating postsecondary support. We affirm.

## FACTS

¶2 Kara Goude was born on February 9, 1990. Ms. Goude and Mr. Lieser have not had a relationship since Kara's birth. Kara resides with Ms. Goude. A child support order entered on August 28, 1998 required Mr. Lieser to pay $593 per month for Kara's support. In December 2007, Ms. Goude sought modification of the child support order for postsecondary educational support for Kara. Ms. Goude submitted several supporting declarations.

¶3 Ms. Goude declared Kara would graduate from high school in June 2008 and intended to attend college to become a dental hygienist. She declared Kara planned to attend Big Bend Community College (Big Bend) for two years, then Eastern Washington University for two years. Ms. Goude submitted a document entitled "Cost of Attending Big Bend Community College," estimating student expense budgets for the 2008-2009 academic year:

|  | Dependent (W/Parent) | Independent (W/Parent) | Residence Hall | Resident (Off Campus) |
|---|---|---|---|---|
| Tuition/Fees | $2,670 | $2,670 | $2,670 | $2,670 |
| Room/Board | 2,598 | 6,066 | 5,490 | 8,052 |
| Books/Supplies | 924 | 924 | 924 | 924 |
| Personal/Misc. | 1,590 | 2,238 | 1,941 | 1,941 |
| Transportation | 1,824 | 1,824 | 1,824 | 1,824 |
| Dependent Care | [ ] | [ ] | [ ] | [ ] |
| TOTALS | $9,606 | $13,722 | $12,849 | $15,411 |

Clerk's Papers (CP) at 50. Ms. Goude also submitted a document showing Kara had received $1,800 in financial aid from Big Bend for the 2008-2009 academic year. She provided Kara's work history throughout high school and submitted Kara's 2007 income tax return, showing earnings of $7,700.

¶4 Ms. Goude declared she has a bachelor degree, and "I am asking the court to continue Kara's child support through college, and order that [Mr. Lieser] contribute his proportionate share of her college expenses. This is what would have happened had [Mr. Lieser] and I raised Kara together." CP at 7.

¶5 Mr. Lieser responded with two declarations. He declared he did not have a college degree, but he "attended college for a few years." CP at 21. Further:

> For [Ms. Goude] to state that we would have contributed to [Kara's] college expenses if we would have raised [her] together is a strange statement for her to make. As I stated, we have not had a relationship for the entire time that our daughter has been alive. [Ms. Goude] would have no idea whether I would have contributed to [Kara's] college expenses or not.

CP at 21-22. Mr. Lieser declared he would have expected Kara to work in order to contribute substantially to her college expenses.

¶6 A superior court commissioner granted Ms. Goude's modification request. After considering the "Dependent (W/Parent)" expenses, the basic child support obligation, and Kara's earnings, the commissioner ordered Mr. Lieser to pay $590 per month as 62 percent[1] of Kara's postsecondary support based on a $952 total parental support obligation. Mr. Lieser moved for revision by a superior court judge.

¶7 At the revision hearing, Ms. Goude outlined the postsecondary support factors in RCW 26.19.090. She asked the court to calculate postsecondary support for Kara by combining the basic child support obligation set forth in the

---

[1] The parties agreed that Ms. Goude was responsible for 38 percent of the support obligation and that Mr. Lieser was responsible for 62 percent.

child support schedule with the costs of an education at Big Bend. Mr. Lieser objected to the use of the child support schedule in calculating postsecondary support. He asked the court to calculate postsecondary support for Kara by taking "what the anticipated expenses are, minus the [financial aid award], minus whatever this Court deems is an appropriate contribution for [Kara], and then split the rest 62/38." Report of Proceedings (RP) (Oct. 10, 2008) at 16. Mr. Lieser estimated Kara's annual expenses for attending Big Bend at $9,606, the total amount in the "Dependent (W/Parent)" column.

¶8 The court granted Ms. Goude's modification request to the extent the commissioner had ordered, reasoning, "[Kara] is dependent and relying on her parents for support." CP at 78. In addition, the court ruled it would utilize the child support schedule in its calculation of postsecondary support:

> I disagree that the it's [sic] inappropriate in calculating post secondary support to include the basic support obligation and then ask what additional expenses are going to be incurred because of college. And the reason I do disagree with that is that the essence of this remedy is that the child remains dependent on the parents . . . where the child is going to continue in the home of a parent under the same circumstances that have applied while she's in secondary school, I think this is the right approach.

RP (Oct. 10, 2008) at 19.

¶9 The court ordered Mr. Lieser to pay $590 per month for Kara's postsecondary support. Like the commissioner, the court used the basic child support obligation, the anticipated college expenses with Kara living at home, and Kara's earnings, initially reaching a total parental support obligation of $963 instead of $952 as did the commissioner. The court reasoned its calculation differences were not materially different from the commissioner's calculations and adopted $952 upon which to apply the support percentages. Mr. Lieser appealed.

## ANALYSIS

¶10  The issue is whether the trial court erred in awarding postsecondary child support.

■ ■  ¶11  We review a trial court's modification of an order for child support for an abuse of discretion. *In re Marriage of Schumacher*, 100 Wn. App. 208, 211, 997 P.2d 399 (2000). "Discretion is abused where it is exercised on untenable grounds or for untenable reasons." *In re Marriage of Tang*, 57 Wn. App. 648, 653, 789 P.2d 118 (1990). Further, the trial court's findings of fact must be supported by substantial evidence. *Schumacher*, 100 Wn. App. at 211 (citing *In re Marriage of Peterson*, 80 Wn. App. 148, 153, 906 P.2d 1009 (1995)). "Substantial evidence" is that which is sufficient to persuade a fair-minded person of the declared premise. *In re Marriage of Hall*, 103 Wn.2d 236, 246, 692 P.2d 175 (1984).

■  ¶12  RCW 26.19.090(2) outlines the standard for awarding postsecondary child support. It requires the court to "determine whether the child is in fact dependent and is relying upon the parents for the reasonable necessities of life." RCW 26.19.090(2). Whether a child is dependent is a matter within the trial court's discretion. *In re Marriage of Belsby*, 51 Wn. App. 711, 716, 754 P.2d 1269 (1988). A child is dependent if he or she " 'looks to another for support.' " *Balch v. Balch*, 75 Wn. App. 776, 780, 880 P.2d 78 (1994) (quoting *Childers v. Childers*, 89 Wn.2d 592, 598, 575 P.2d 201 (1978)).

¶13  Mr. Lieser contends no evidence supports the trial court's finding that "[Kara] is dependent and relying on her parents for support." CP at 78. However, the evidence established that Kara resides with Ms. Goude and will continue to do so while attending Big Bend. Further, the evidence established that while Kara worked throughout high school, she was not employed on a full-time basis. Thus, substantial evidence supports the trial court's finding that Kara is dependent.

¶14 Further, in considering whether and how long to award postsecondary support, the court must also consider a number of nonexclusive factors:

> Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources [and] the amount and type of support that the child would have been afforded if the parents had stayed together.

RCW 26.19.090(2). As long as the court considers all the relevant factors set forth in RCW 26.19.090 for determining postsecondary support, it does not abuse its discretion. *In re Marriage of Kelly*, 85 Wn. App. 785, 792-93, 934 P.2d 1218 (1997).

¶15 Mr. Lieser argues the trial court did not consider (1) the expectations of the parties for the child when the parents were together, (2) the amount and type of support that the child would have been afforded if the parents had stayed together, and (3) the parents' level of education. We disagree.

¶16 Regarding the first factor, the evidence showed that Mr. Lieser and Ms. Goude have not had a relationship since Kara's birth, and that Kara has always resided with Ms. Goude. "We must presume that the court considered all evidence before it in fashioning the order." *Kelly*, 85 Wn. App. at 793. Thus, we presume the trial court considered this evidence before ordering postsecondary support. In addition, the original child support order was entered when Kara was eight years old. "Where child support is originally established for young children, the child's subsequent showing of ability to attend college may be considered a substantial change of circumstances justifying a modification to provide postsecondary support." *Id.*

¶17 Regarding the second factor, the evidence showed that, according to Ms. Goude, she and Mr. Lieser would have contributed to Kara's college expenses. Mr.

Lieser would have expected Kara to work in order to contribute substantially to her college expenses. Thus, both parties assumed some financial support would be provided to Kara for college. Based on this evidence, the trial court could have concluded that had Ms. Goude and Mr. Lieser stayed together, they would have provided financial support to Kara for college.

¶18 Regarding the third factor, the evidence showed Ms. Goude had a bachelor's degree, and that Mr. Lieser "attended college for a few years." CP at 21. We presume the court considered this evidence. *Kelly*, 85 Wn. App. at 793.

¶19 Next, Mr. Lieser contends the trial court erred in utilizing the child support schedule in calculating the amount of postsecondary support. He argues that postsecondary support should be limited to the amount required for educational expenses.

¶20 "The child support schedule shall be advisory and not mandatory for postsecondary educational support." RCW 26.19.090(1). In *In re Marriage of Daubert*, the court considered the meaning of this provision. *In re Marriage of Daubert*, 124 Wn. App. 483, 499-505, 99 P.3d 401 (2004), *abrogated on other grounds by In re Marriage of McCausland*, 159 Wn.2d 607, 152 P.3d 1013 (2007). The court concluded the legislature "intended to make the economic table advisory, rather than the entire schedule." *Id.* at 505. Accordingly, the court found, "The [trial] court is not bound to follow the economic table in setting postsecondary support." *Id.* Further, "[t]he economic table may advise the level of support obligation placed upon the parents or it may be ignored." *Id.* In addition, in discussing the application of the economic table in postsecondary support cases, the court stated:

> The support necessary to cover the postsecondary expenses differs from the expenses for minor children. Expenses for minor children are presumed from the economic table. Therefore, it would make sense for the legislature to intend that the economic table should not be applied to all postsecondary support cases. *If a postsecondary student lived at home, appli-*

*cation of the schedule including the economic table may be practical.*

*Id.* at 504-05 (emphasis added).

¶21 Here, in calculating the amount of postsecondary support, the trial court added the basic support obligation from the economic table of the child support schedule to the costs of attending Big Bend while living dependent with a parent, less the cost of room and board. *See* RCW 26.19.020 (child support economic table). Under RCW 26.19.090(1) and *Daubert,* we cannot say the trial court abused its discretion in utilizing the child support schedule in this manner. *See* RCW 26.19.090(1); *Daubert,* 124 Wn. App. at 504-05. While the trial court may ignore the economic table in setting postsecondary support, it may also utilize the economic table when setting the support amount. *Daubert,* 124 Wn. App. at 505. Further, because Kara would be residing at home while attending college, application of the economic table could be considered practical. *Id.* at 504-05.

¶22 Finally, Mr. Lieser contends the trial court ignored the evidence of postsecondary education expenses submitted to the court, the "Cost of Attending Big Bend Community College" document, arguing the trial court's calculation exceeds the cost of attending Big Bend as a "Resident (Off Campus)." CP at 50. We disagree. The trial court has discretion to use the economic table of the child support schedule in calculating the amount of postsecondary support. *See* RCW 26.19.090(1); *Daubert,* 124 Wn. App. at 504-05. Both parties agreed Kara would reside at home with Ms. Goude while attending Big Bend, and both parties argued Kara would be within the "Dependent (W/Parent)" column of the "Cost of Attending Big Bend Community College" document. Mr. Lieser's argument is without merit.[2]

---

[2] Mr. Lieser also assigns error to the trial court's calculations of Kara's annual postsecondary expenses and the total amount required to support Kara while she attends Big Bend. *See* Appellant's Br. at 1. However, because he presents no argument related to these issues, we decline to address them. *See In re Marriage of Newell,* 117 Wn. App. 711, 717 n.17, 72 P.3d 1130 (2003).

¶23 The trial court did not err in awarding post-secondary child support.

¶24 Affirmed.

SCHULTHEIS, C.J., and KULIK, J., concur.

Review denied at 168 Wn.2d 1024 (2010).