IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| In the Matter of the Marriage of | ) | No. 71361-2-I | |
| VERNON RUSSELL BLANK, | ) | | |
| | ) | DIVISION ONE | |
| Respondent, | ) | | |
| | ) | | |
| and | ) | UNPUBLISHED OPINION | |
| | ) | | |
| AMANDA L. BLANK, | ) | | |
| | ) | | |
| Appellant. | ) | FILED: April 21, 2014 | |

SCHINDLER, J. — Absent exceptional circumstances, the court may not order postsecondary educational support past a child's 23rd birthday. Amanda L. Blank contends the court abused its discretion by denying her motion to extend postsecondary educational support for her adult child A.B. beyond age 23 based on exceptional circumstances. We affirm.

FACTS

This is the third appeal in this case.[1] Amanda L. Blank and Vernon Russell Blank married and had two children, A.B. and R.B. Amanda and Russell divorced in 1993.[2]

---

[1] See In re Marriage of Blank, noted at 158 Wn. App. 1024, 2010 WL 4308204, at *1; In re Marriage of Blank, No. 42959-4-II, 2014 WL 260594, at *1. In the first appeal, we held the court's determination of Russell's income was not supported by substantial evidence, vacated the 2009 child support order, and remanded. Blank, 2010 WL 4308204, at *2, *4. On remand, the court entered detailed findings supporting income calculations for the child support obligation. Blank, 2014 WL 260594, at *2-3. In the second appeal, we reversed the court's decision as to several issues not relevant here. Blank, 2014 WL 260594, at *12, *14 (court abused discretion regarding apportionment of R.B.'s postsecondary expenses between Amanda and Russell and by not finding Russell intransigent).

[2] We refer to the parties by their first names for clarity and intend no disrespect.

The child support order states the parents " 'shall pay post secondary educational support' " decided either "by agreement or by the court."[3]

In 2008, 19-year-old A.B. graduated from high school. A.B. attended the University of Idaho beginning in the fall quarter of 2008. Russell paid a portion of the expenses to attend the University of Idaho. Shortly before fall quarter final exams, A.B. went to the emergency room for a heart condition and missed several days of school. A.B. did poorly on final exams and received no course credit for fall quarter. A.B. withdrew from the University of Idaho.

A.B. enrolled as a full-time student at Pierce College to pursue an associate in arts (AA) degree in education beginning winter quarter 2009. Pierce College considers students with a cumulative grade point average (GPA) above 2.0 to be in good academic standing. A.B.'s cumulative GPA for winter and spring quarter 2009 was below 2.0.

In May 2011, Amanda filed a motion for postsecondary support. In her declaration, Amanda states that she paid $42,794.53 in postsecondary educational expenses for A.B. and Russell paid only $3,275 for the fall 2008 quarter at the University of Idaho. Russell argued he did not have an obligation to pay postsecondary educational support because A.B. withdrew from the University of Idaho and was not in good academic standing at Pierce College.

The court ruled that Russell did not owe any additional support toward educational expenses for the fall 2008 quarter when A.B. attended the University of Idaho, and had no obligation to pay any support for the two quarters A.B. was not in

---

[3] The order states, " 'The parents shall pay for the post secondary educational support of the children. Post secondary support provisions will be decided by agreement or by the court."

2

good academic standing at Pierce College. The court ordered Amanda and Russell to pay the remaining postsecondary educational expenses based on their proportionate shares of income until A.B. turned 23. The court also ruled postsecondary educational support "will terminate at the age of -- the term in which he turns 23 or when he receives his AA Degree, whichever occurs first, without further order of the Court." The court entered an amended order of child support that incorporated the oral ruling on postsecondary support. In the second appeal, we affirmed the amended order of child support.[4]

A.B. graduated with an AA degree from Pierce College at the end of winter quarter 2012. A.B. turned 23 on April 17, 2012. A.B. decided to attend Eastern Washington University beginning in fall quarter of 2012 to obtain a bachelor of arts degree in elementary education.

On August 24, 2012, Amanda filed a motion for an order extending postsecondary educational support for A.B. past his 23rd birthday and ordering Russell to pay educational expenses while A.B. attended Eastern. Amanda argued that A.B.'s attention deficit disorder (ADD) qualified as one of the "exceptional circumstances" that justified extending support past his 23rd birthday.[5]

In support, Amanda submitted several letters from A.B.'s junior high and high school teachers and his professors at Pierce College. Amanda also submitted an August 2010 evaluation from Dr. Barry A. Carlaw and a letter from an instructor at Sylvan Learning center, Michael Giller.

---

[4] Blank, 2014 WL 260594, at *10-13.
[5] RCW 26.19.090(5).

3

In the August 2010 evaluation, Dr. Carlaw states that he diagnosed A.B. with ADD and recommended developing a "504 accommodation plan" while A.B. attended Pierce College. The Sylvan Learning instructor states A.B. showed great improvement in math and reading comprehension in 2011 while attending Pierce College.

The court denied the motion to extend postsecondary educational support for A.B. past his 23rd birthday. The court ruled the factors set forth in RCW 26.19.090(2) did not justify awarding postsecondary educational support, and ADD was not an exceptional circumstance under RCW 26.19.090(5), "[T]here are many, many, many people out there with ADHD. It's not necessarily uncommon."[6]

Amanda appeals.

## ANALYSIS

Amanda contends the court abused its discretion by denying the motion to extend postsecondary educational support for A.B. beyond age 23. Amanda asserts the court erred in concluding ADD was not an "exceptional circumstance" that justified extending postsecondary educational support for A.B. past his 23rd birthday.

We review the decision to deny a motion to modify an order of child support for abuse of discretion. In re Marriage of McCausland, 159 Wn.2d 607, 615-16, 152 P.3d 1013 (2007). A court abuses its discretion by basing its decision on untenable grounds or untenable reasons. In re Marriage of James, 79 Wn. App. 436, 440, 903 P.2d 470 (1995). A decision based on an erroneous view of the law is an abuse of discretion. In re Marriage of Choate, 143 Wn. App. 235, 240, 177 P.3d 175 (2008).

---

[6] The record refers to A.B.'s diagnosis as both ADD and ADHD (attention deficit hyperactivity disorder). According to Dr. Carlaw's report, he diagnosed A.B. with ADD.

The court has broad discretion to order payment of postsecondary educational expenses. Childers v. Childers, 89 Wn.2d 592, 599, 601, 575 P.2d 201 (1978). The amount and duration of postsecondary educational support depends on the facts of each case. RCW 26.19.090(2); Childers, 89 Wn.2d at 599. But RCW 26.19.090(5) states that the court shall not order payment of postsecondary educational support beyond a child's 23rd birthday, "except for exceptional circumstances."

RCW 26.19.090(2) sets forth a list of factors the court should consider in determining whether to order postsecondary educational support. The list of factors includes:

> Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources. Also to be considered are the amount and type of support that the child would have been afforded if the parents had stayed together.

RCW 26.19.090(2).

"We must presume that the court considered all evidence before it in fashioning the order" of postsecondary educational support. In re Marriage of Kelly, 85 Wn. App. 785, 793, 934 P.2d 1218 (1997). As long as the court considers the relevant factors set forth in RCW 26.19.090(2), it does not abuse its discretion. In re Parentage of Goude, 152 Wn. App. 784, 791, 219 P.3d 717 (2009).

Amanda contends the court erred in concluding ADD was not an "exceptional circumstance." Amanda argues that under the plain language of RCW 26.19.090(5), ADD is a disability that qualifies as an exceptional circumstance, and the court's

restrictive interpretation of the statute is inconsistent with the public policy favoring higher education.

RCW 26.19.090(5) does not define "exceptional circumstances" but lists "mental, physical, or emotional disabilities" as examples of exceptional circumstances. RCW 26.19.090(5) provides:

> The court shall not order the payment of postsecondary educational expenses beyond the child's twenty-third birthday, except for exceptional circumstances, such as mental, physical, or emotional disabilities.

The statute is foremost a limitation on the court's authority. The statute does not require the court to extend child support whenever there is a disability or an exceptional circumstance, it merely allows the court to exercise its discretion when a disability or an exceptional circumstance is present. Assuming without deciding the court erred in rejecting Amanda's argument that ADD is an exceptional circumstance, the court did not abuse its discretion by denying Amanda's request to extend postsecondary educational support past age 23.

The court clearly considered the factors in RCW 26.19.090(2) when initially deciding educational support for A.B. would terminate either when he turned 23 or "receives his AA Degree, whichever comes first." The court also considered the statutory factors in deciding the motion to extend postsecondary educational support for A.B., including his age, aptitudes, abilities, disabilities, and his ADD.

Consistent with the initial decision, the court ruled that "under [RCW 26.19.090] Subsection 2, where you're looking at abilities, you're looking at what the parties intended, you're looking at all of those factors, I honestly don't see where I would be awarding post secondary beyond his AA, which took five years to get." Specifically

noting the initial decision, the court denied the motion to order postsecondary support beyond age 23 for "a whole new degree program." The court ruled, in pertinent part:

> [A]t this point, we're now starting a whole new degree program to go to a four-year degree. It just seems like there needs to be an endpoint. The legislature was very clear saying 'You shall not order it beyond age 23.'
>
> . . . .
>
> . . . [T]his father has already paid support beyond the age of 18 for five years to get him an AA degree, which allows, you know, allows more opportunities than he would have had without it.
>
> . . . .
>
> . . . I do find that the Court in its prior rulings allowed support from age 18 to 23 to complete an AA degree, and I'm not going to award any further post-secondary support.

Amanda's reliance on Childers, 89 Wn.2d at 592, and Kruger v. Kruger, 37 Wn. App. 329, 679 P.2d 961 (1984), is misplaced. In Childers, the court acknowledges the importance of higher education. But the court expressly held that courts have broad discretion in ordering payment of postsecondary educational support, "It is not the policy of this State to require divorced parents to provide adult children with a college education in all circumstances." Childers, 89 Wn.2d at 599-600.[7]

Kruger does not address either an extension of postsecondary educational support beyond age 23 or RCW 26.19.090(5). In Kruger, a divorce decree provided that support for each of a couple's two children " 'shall continue until age 21 years so long as such child . . . is engaged in a full time program of higher education.' " Kruger, 37 Wn. App. at 331. The court interpreted the decree to mean the father must pay child support for the children after turning 18 and while they were enrolled in full-time programs of higher education. Kruger, 37 Wn. App. at 331-32. On appeal, we affirmed, concluding the purpose of the decree "clearly was to encourage and aid the children in pursuing higher education." Kruger, 37 Wn. App. at 331-32.

---

[7] (Emphasis added.)

Because RCW 26.19.090(5) permits but does not require the court to order postsecondary educational support past age 23 in exceptional circumstances, we affirm.[8]

WE CONCUR:

---

[8] Both parties request attorney fees under RCW 26.09.140. We decline to award either party attorney fees.