2017 JAN 30  AM 9:4



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In re the Marriage of:

VIRGINIA BERRY,

          Appellant,

and

DAVID BERRY,

          Respondent.

No. 74940-4-I

DIVISION ONE

UNPUBLISHED

FILED: <u>January 30, 2017</u>

Cox, J. – Virginia Berry appeals the trial court's order denying her motion to revise a commissioner's order. The order terminated David Berry's financial support for their daughter's postsecondary education, which was required under a prior child support order. Because the child support order is ambiguous whether suspension or termination of child support is required if the daughter fails to attend school full-time, termination of child support was not mandated. It was an abuse of discretion to mandate such termination. The award of attorney fees to David and entry of judgment in his favor based on the court's erroneous interpretation of the child support order was also incorrect. We reverse and remand for further proceedings that are consistent with this decision.

In June 2007, the trial court entered a dissolution decree, dissolving Virginia and David Berry's marriage. The court also entered a child support order regarding their two children, Rachel and Katherine.

In 2014, the court modified the child support order to provide for Rachel's postsecondary education. As a support condition, Rachel had to "enroll in and attend school full-time." The order further stated terms and conditions under which support could either be suspended or terminated.

In the spring 2015 term, Rachel was not a full-time student due to medical issues. David moved to either suspend or terminate Rachel's support. A court commissioner granted David's motion and terminated the support.

Virginia moved for revision, and the superior court judge denied her motion. The judge also entered a judgment against Virginia for the tuition that David paid and for his attorney fees. The judge later denied Virginia's motion for reconsideration.

Virginia appeals.

## CHILD SUPPORT ORDER

Virginia argues that the trial court misinterpreted the child support order and abused its discretion by denying her revision motion. We agree.

If a child support order is unambiguous, we interpret it as written.[1] However, an order is ambiguous if its terms are susceptible to more than one reasonable meaning when applied to a particular set of facts.[2] When an order is ambiguous, we attempt to ascertain the trial court's intent by using general rules

---

[1] In re Marriage of Jess, 136 Wn. App. 922, 926, 151 P.3d 240 (2007).

[2] Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co., 183 Wn.2d 485, 489, 352 P.3d 790 (2015).

of contract construction.[3] We also construe orders as a whole and give meaning and effect to each word.[4] A trial court's interpretation of a child support order is a question of law that we review de novo.[5]

We review for an abuse of discretion a trial court's child support decision.[6] A trial court abuses its discretion when its decision is manifestly unreasonable.[7] The court makes a manifestly unreasonable decision "'if it is outside the range of acceptable choices, given the facts and the applicable legal standard.'"[8]

Kruger v. Kruger[9] is instructive regarding child support order interpretation. There, an order modifying James and Donna Kruger's dissolution decree required that James support their two children.[10] The order provided that James's support "'for each child shall continue until age 21 years so long as such child is . . . engaged in a full time program of higher education . . . .'"[11] Both

---

[3] In re Marriage of Thompson, 97 Wn. App. 873, 878, 988 P.2d 499 (1999).

[4] Stokes v. Polley, 145 Wn.2d 341, 346, 37 P.3d 1211 (2001).

[5] In re Marriage of Cota, 177 Wn. App. 527, 534, 312 P.3d 695 (2013).

[6] Jess, 136 Wn. App. at 926.

[7] In re Marriage of Horner, 151 Wn.2d 884, 893, 93 P.3d 124 (2004).

[8] Id. at 894 (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)).

[9] 37 Wn. App. 329, 679 P.2d 961 (1984).

[10] Id. at 330-31.

[11] Id.

children missed months of school but, from the opinion, it appears that they were enrolled full-time.[12]

James failed to pay child support, and Donna moved to compel payment for the past due support.[13] The trial court ordered that James pay the unpaid support.[14] The court calculated the support to include the period that the children were enrolled in higher education programs full-time.[15]

On appeal, James argued that the trial court misinterpreted the order.[16] He asserted that the phrase "'so long as'" meant "'until such time'" rather than "'during such time.'"[17] This court disagreed, stating: "The purpose of providing for support beyond age 18 clearly was to encourage and aid the children in pursuing higher education and to decrease any financial disadvantage they might suffer in this regard as a result of their parents' divorce."[18] The court then determined that James's "more restrictive reading of the clause . . . would not further this purpose."[19] Thus, the court concluded that the trial court did not err by

---

[12] Id. at 331-32.

[13] Id. at 331.

[14] Id.

[15] Id. at 331-32.

[16] Id. at 331.

[17] Id.

[18] Id. at 331-32.

[19] Id. at 332.

calculating the unpaid support to include the period that the children were enrolled in higher education programs full-time, despite their absences.[20]

Here, the threshold issue is whether the child support order is ambiguous. That is: is it susceptible to more than one reasonable meaning for the consequences that flow from Rachel's failure to attend school full-time for the spring term?

The child support order, in relevant part, provides:

> The parents' obligations to pay for postsecondary educational support are strictly **conditioned on the requirements of RCW 26.19.090** including that Rachel shall enroll in and **attend school full-time**, and must be in good academic standing, as defined by the institution. Rachel shall timely, not less than every six months, make available all academic records and grades to both parents as a condition of receiving postsecondary educational support as set forth herein. Failure to comply with **any of these conditions** shall result in automatic **suspension** of the parents' obligations.
>
> The parents' obligations for payment of any and all postsecondary educational expenses, including living expenses of Rachel Berry, their adult child shall automatically **terminate** without further court order upon written verification that Rachel Berry is not enrolled in or **not attending full-time** or not maintaining good academic standing in an accredited institution of higher learning.[21]

We conclude that this provision is ambiguous because one set of facts—Rachel's failure to attend school full-time—could result in two different consequences: suspension or termination. It is beyond dispute that such attendance is a condition of David's child support payments. But the violation of

---

[20] Id.

[21] Clerk's Papers at 242-43 (emphasis added).

this condition has different consequences under the court's child support order. Thus, the order's terms are susceptible to more than one reasonable meaning.

Here, the record shows that the court specifically found that the child support order did not contain "any medical or other reason for reducing [Rachel's] work load."[22] That is true, but irrelevant. The fact remains that the child support order is ambiguous because it imposes different consequences for Rachel's failure to attend school full-time.

We further note that the trial court's interpretation frustrates the legislature's intent. RCW 26.19.090(3), the postsecondary support statute, shows a preference for suspension, not termination, if a child fails to comply with court conditions. This child support order expressly refers to this statute. Yet, the court's order denying revision is inconsistent with this legislative mandate.

As we briefly discussed in our reference to the Kruger case, child support orders must incorporate the best interests of the children involved. It is difficult to see under the circumstances of this case how Rachel's best interests are served by the trial court's decision. Terminating Rachel's postsecondary educational support due to her short lapse in full-time attendance does not serve her best interests.[23]

David argues that the provision is unambiguous and that termination of Rachel's support is "one possible result" of her failure to attend school full-time. He specifically argues that the termination paragraph sets forth a limited number

---

[22] Id. at 42.

[23] See also Kruger, 37 Wn. App. at 331-32.

of circumstances that would result in termination while the suspension paragraph includes more circumstances. But this argument is unpersuasive for the reasons we already discussed in this opinion.

David also argues that the trial court did not abuse its discretion because the facts supported termination. He contends that Rachel participated in sending him a false transcript and that her best interest is "not furthered by condoning" such conduct. For the reasons already discussed, this argument is unpersuasive.

## REIMBURSEMENT

Virginia argues that the trial court erroneously ordered reimbursement to David for the money he paid for Rachel's tuition for the term she did not attend school full-time. We agree.

Here, the trial court entered a judgment against Virginia. The amount owed included $2,374 that David paid for the fall 2015 term. As we just discussed, the trial court abused its discretion in denying Virginia's motion for revision. Thus, we vacate this portion of the corrected order on revision as well.

## ATTORNEY FEES

*Trial*

Virginia argues that the trial court improperly awarded attorney fees to David. We agree.

Here, the trial court awarded attorney fees to David although the record does not demonstrate the basis for this award. Accordingly, we also vacate the trial court's attorney fees award and remand for reconsideration.

7

*Appeal*

Both parties request attorney fees on appeal. Virginia requests fees under RCW 26.09.140, claiming that she has need and that David has the ability to pay. David seeks attorney fees due to Virginia's intransigence. We award fees to Virginia.

RCW 26.09.140 provides for reasonable attorney fees in dissolution proceedings for "maintaining or defending any proceeding under this chapter." An award of attorney fees under this statute "'must be based upon a consideration that balances the needs of the spouse seeking fees against the'" other spouse's ability to pay.[24]

Additionally, a party's intransigence is an equitable basis for awarding attorney fees.[25] Courts grant attorney fee awards for intransigence when a party engages in "'foot-dragging' and 'obstruction' . . . or simply when one party made the trial unduly difficult and increased legal costs by his or her actions."[26] "'If intransigence is established, [the court] need not consider the parties' resources.'"[27]

---

[24] Urbana v. Urbana, 147 Wn. App. 1, 16, 195 P.3d 959 (2008) (quoting In re Marriage of Moody, 137 Wn.2d 979, 994, 976 P.2d 1240 (1999)); see also RCW 26.09.140.

[25] In re Marriage of Chandola, 180 Wn.2d 632, 656, 327 P.3d 644 (2014).

[26] Id. at 657 (alteration in original) (internal quotation marks omitted) (quoting In re Marriage of Katare, 175 Wn.2d 23, 42, 283 P.3d 546 (2012)).

[27] In re Marriage of Larson and Calhoun, 178 Wn. App. 133, 146, 313 P.3d 1228 (2013) (quoting In re Marriage of Wallace, 111 Wn. App. 697, 710, 45 P.3d 1131 (2002)).

Here, there is no evidence of Virginia's intransigence. So we decline to award David attorney fees on this basis.

Both parties filed financial information, as required by the Rules of Appellate Procedure. They also filed supplemental argument and evidence. Based on a thorough review of this record, we conclude that Virginia has established need and that David has the ability to pay. She is entitled to an award of fees on appeal, subject to her compliance with RAP 18.1.

We reverse the Order on Revision and Judgment, the Corrected Order on Revision and Judgment, and the Order Denying [Virginia's] Motion for Reconsideration. We vacate the judgment for $2,374 and the award of attorney fees to David below. We award Virginia attorney fees on appeal, subject to her compliance with RAP 18.1, and remand for further proceedings consistent with this opinion.

_____
Cox, J.

WE CONCUR:

_____          _____