IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 81043-0-I |
| | ) | |
| DEBBIE J. MOELLER, n/k/a | ) | |
| DEBBIE J. SCHULTZ, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL O. MOELLER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Michael Moeller appeals a contempt order requiring that he repay more than $60,000 in unpaid child support and more than $40,000 in interest on that debt. Moeller was first held in contempt for failing to pay child support in 2007. Moeller contends the court erred by finding him in contempt because, as a consequence of a series of wage garnishments, his employer was remitting payments based on his ongoing child support obligations. But Moeller cites no authority that a person subject to wage garnishments cannot intentionally fail to meet their past, unpaid child support obligations. He also fails to challenge the court's findings of fact determining that he had the ability to meet his support obligations and intentionally did not do so. Because the court's findings support its legal conclusions, the court did not err by finding Moeller in contempt.

Moeller also argues the court erroneously applied past overpayments to pay down the interest he owes and not the principal amount of his debt. But Moeller ignores the impact of years of nonpayment on the 2007 judgment against him. The court did not err by applying the usual rule that partial payments toward a judgment are applied first to accrued interest.

Moeller contends the court abused its discretion by not granting reconsideration of its contempt order. Because Moeller failed to present new evidence supporting reconsideration, the court did not err.

Therefore, we affirm.

## FACTS

Michael Moeller and Debbie Schultz separated in November of 2003 and dissolved their marriage in May of 2004. At the time, they had two children. Moeller was required to pay $782.87 per month in child support, and Schultz sought help from the Department of Social and Health Services (DSHS) to obtain child support from him. In 2007, Schultz moved to hold Moeller in contempt of court for failing to pay child support. The court reduced his monthly child support payment to $500 per month, found him in contempt, and entered a judgment for $19,675.83 in child support arrears and an additional $3,047.57 in interest. The 2007 judgment provides for post-judgment interest at 12 percent per annum.

Moeller and Schultz soon reconciled and had another child in 2008. The reconciliation did not last, however, and in January of 2013, Schultz again sought help from DSHS because Moeller was not paying child support for their youngest

child. After determining Moeller was voluntarily unemployed, a DSHS hearing officer concluded he was $1,423.21 in arrears for nonpayment of support for their youngest child. Moeller was now required to pay $751 per month in child support: $250 per month for each of his older children and $251 per month for his youngest child.

In March of 2018, Schultz again moved to hold Moeller in contempt for nonpayment of child support. She alleged he failed to pay any arrears and was still failing to meet his ongoing support obligations. In May, Commissioner Adams found Moeller in contempt because he had the ability to meet his obligations and willfully refused to do so. He determined Moeller owed Schultz $60,659.48 in arrears and $55,819.02 in interest.

Moeller moved to revise the contempt order. Among other contentions, he argued the commissioner should have reduced the amount of arrears because his ongoing support obligation included payments for a child over 18. He also sought additional time to prove he cohabitated with Shultz between 2007 and 2012 and provided child support during that time. After a revision hearing, Judge Nelson upheld the contempt finding, reduced the amount of interest owed by $9,484.22, and provided additional time for Moeller to provide proof of cohabitation and support. Judge Nelson later denied Moeller's motion for reconsideration.

Moeller appeals.

ANALYSIS

We review a contempt order for abuse of discretion.[1] A court abuses its discretion where its decision rests on untenable factual or legal grounds.[2] A court must make factual findings that support a finding of contempt.[3]

Generally, chapter 7.21 RCW empowers a court to impose remedial sanctions after finding a party intentionally failed to follow a judgment or court order that he had the power to obey.[4] And RCW 26.18.050 empowers a court to hold a party in contempt for nonpayment of child support upon a finding of "reasonable cause to believe the obligor has failed to comply with a support or maintenance order" provided the obligor does not show he was unable to comply with the order or had made good faith efforts to comply.[5]

Moeller contends as a matter of law that no one paying child support through wage garnishment could intentionally refuse to comply with a child support order. Although Moeller regularly paid his monthly support obligations between March of 2015 and 2018, he made few payments toward his accrued interest and never made payments toward his outstanding support obligations. For example,

---

[1] In re Marriage of James, 79 Wn. App. 436, 439-40, 903 P.2d 470 (1995).

[2] Id. at 440.

[3] Id.

[4] RCW 7.21.010(1)(b); RCW 7.21.030(2).

[5] RCW 26.18.050(1); see RCW 26.18.050(4) ("If the obligor contends at the hearing that he or she lacked the means to comply with the support or maintenance order, the obligor shall establish that he or she exercised due diligence in seeking employment, in conserving assets, or otherwise in rendering himself or herself able to comply with the court's order.").

Moeller made no payments at all between March 2010 and February 2013. Further, Moeller cites no authority to support his contention, and neither RCW 7.21.030(2) nor RCW 26.18.050 provides any. Both statutes authorize imposition of contempt sanctions upon a finding of intentional disobedience of a court order. The court found Moeller intentionally refused to comply with both the 2007 contempt order and the 2013 administrative child support order, despite having the ability to comply with both. He has not assigned error to any of the court's findings, so they are verities on appeal.[6] Because the trial court found Moeller intentionally disobeyed lawful orders and the findings are unchallenged, the trial court did not abuse its discretion by holding Moeller in contempt.

Moeller challenges the trial court's calculation of the amounts he owes Schultz. Judge Nelson revised the contempt order signed by Commissioner Adams to reflect Moeller's historic overpayment of support for his aged-out child from July of 2015 through March of 2018. The judge applied the overpayments to interest accrued from the 2007 contempt judgment and child support debts instead of the debts' principals.[7]

Moeller argues Washington law mandates application of child support payments "first to current obligations, then to the oldest unexpired obligation and

---

[6] Matter of Marriage of Rideout, 150 Wn.2d 337, 353, 77 P.3d 1174 (2003); see RAP 10.3(g) (erroneous findings of fact must be "included in an assignment of error or clearly disclosed in the associated issue pertaining thereto.").

[7] Compare CP at 391 (first contempt order finding $55,819.02 owed in interest), with CP at 576 (revised contempt order finding $46,334.80 in interest).

interest thereon."[8]  He correctly states the usual rule for paying outstanding child support obligations.[9]  But he ignores that his oldest unexpired obligations were consolidated into the 2007 contempt judgment.  Moeller had repaid none of that judgment's principle and little of the 11 years of accrued interest[10] when, in 2018, Schultz moved to hold him in contempt for refusing to pay the child support still owing from the 2007 judgment as well as additional debts accruing since then.  Thus, the court was deciding how to apportion partial payment between multiple debts.

The general rule is partial payment of a judgment debt goes first to repaying interest before being applied to the principal balance.[11]  Between February 2007 and July 2015, when Moeller began overpaying, he accrued $18,888.80 in interest on the unpaid principal from the 2007 judgment.[12]  Moeller had paid his current obligation from 2018 and the oldest unexpired obligations were consolidated into the 2007 judgment, so the court was free to determine how to apportion Moeller's

---

[8] Appellant's Br. at 7 (citing Roberts v. Roberts, 69 Wn.2d 863, 867-69, 420 P.2d 864 (1966)).

[9] See, e.g., In re Marriage of Maccarone, 54 Wn. App. 502, 505, 774 P.2d 53 (1989) (citing Roberts, 69 Wn.2d at 867-69; Kruger v. Kruger, 37 Wn. App. 329, 333, 679 P.2d 961 (1984)).

[10] CP at 13-15 (DSHS payment history showing an outstanding balance of $94,882.55 as of March 2018); at 207-215 (detailed repayment history compiled by Schultz).

[11] State v. Trask, 98 Wn. App. 690, 696, 990 P.2d 976 (2000); 44B AM. JUR. 2d, Interest and Usury § 56 (2018).

[12] CP at 207-15 ($19,675.83 judgment principal × .12 annual interest × 8 years).

payments between his debts.[13] Because Judge Nelson applied the correct rule for partial repayment of a judgment debt, she did not err by applying Moeller's overpayments to interest from the 2007 judgment.

Moeller also contends Judge Nelson erred by changing language defining the type of evidence required in the original contempt order to prove cohabitation. But he concedes in his reply brief that the original contempt order and the revision contempt order "share the same language."[14] Further, written rulings control over contradictory oral decisions.[15] Moeller fails to show the court erred.

Moeller argues the court improperly denied his motion for reconsideration, first, because Schultz said she would forgive his child support obligation when they cohabitated between 2007 and 2012, and second, because he submitted evidence proving he provided material and in-kind child support while they cohabitated.

We will affirm a trial court's denial of reconsideration absent a manifest abuse of discretion.[16] Reconsideration is warranted if the movant presents new material evidence that could not have been produced before the court made the decision being evaluated.[17] On the record before us, Moeller fails to show he

---

[13] See Oakes Logging, Inc. v. Green Crow, Inc., 66 Wn. App. 598, 601-02, 832 P.2d 894 (1992) ("If neither party appropriates the payments to any particular part of the debt, the court will apply them 'according to its own notion of the intrinsic equity and justice of the case.'") (quoting The Post-Intelligencer Publ'g Co. v. Harris, 11 Wash. 500, 502, 39 P. 965 (1895)).

[14] Reply Br. at 7.

[15] Ferree v. Doric Co., 62 Wn.2d 561, 566-67, 383 P.2d 900 (1963).

[16] In re Marriage of Tomsovic, 118 Wn. App. 96, 108, 74 P.3d 692 (2003).

[17] Id. (citing CR 59(a)(4)).

presented any new evidence for either issue on reconsideration that compelled the court's alteration of its original decision.

Schultz requests attorney fees on appeal. RAP 18.1 authorizes an award of attorney fees where allowed by law. Under RCW 26.09.140, a party may be entitled to attorney fees on appeal. In exercising discretion under this statute, we consider the parties' relative financial resources.[18] As the trial court determined in 2007 and 2018, Moeller accrued considerable debt from his willful refusal to comply with court orders. But even ignoring such debt, Moeller still has fewer financial resources available than Schultz. Under these circumstances, we decline to award Schultz attorney fees from this appeal.

Therefore, we affirm.

WE CONCUR:

---

[18] <u>Matter of Marriage of Mohammad</u>, 153 Wn.2d 795, 807, 108 P.3d 779 (2005); <u>Matter of Marriage of Crosetto</u>, 82 Wn. App. 545, 563, 918 P.2d 954 (1996).