IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| DARYL LANTZ, | No. 51272-6-II |
| Respondent, | |
| v. | |
| DAWN LANTZ, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Dawn Lantz appeals the superior court's denial of her motion for reconsideration of an order granting Daryl Lantz an award for past due postsecondary support. Dawn[1] argues that the court abused its discretion because the child failed to comply with the RCW 26.19.090(4) conditions. We hold that the court did not err. Accordingly, we affirm.

FACTS

On April 17, 2015, the court entered an order of child support that provided for postsecondary support of Dawn and Daryl's daughter, Sheridan. The order required Sheridan to pay one-third of her postsecondary education support. Of the remaining two-thirds, the order required Daryl to pay 33.7 percent and Dawn to pay 66.3 percent. This postsecondary support was conditioned on Sheridan meeting the requirements of RCW 26.19.090(4).

---

[1] Since the parents and the child share the same last name, we use first names to avoid any confusion.

Sheridan enrolled in college in 2014 and she was on track to graduate in 2018. On July 28, 2017, Daryl filed a motion for contempt related to past due postsecondary support. Daryl included with this filing proof of enrollment records and postsecondary education expenses. Additionally, "Exhibit 'G'" attached to Daryl's declaration was a spreadsheet of postsecondary expenses. Dawn, in her response to the motion for contempt, asserted that she had received Sheridan's student identification (ID) and had called the college campus to pay Sheridan's tuition. She stated that the Registrar's Office told her that "according to FERPA (Family Educational Rights and Privacy Act [of 1974, 20 U.S.C.A. § 1232g,]) he could not allow/give [Dawn] access to any of that information." Clerk's Papers (CP) at 227. The Registrar's Office told her that enrolled students are told they must grant access to allow anyone besides themselves to access their account.

On October 17, the court issued an "Order on Motion for Contempt Re Post-Secondary Expenses" and found that Dawn owed $20,276.85 in past due postsecondary support. Dawn filed a motion for reconsideration. Dawn also filed a declaration in support of this motion where she stated, "Just recently, the court ordered me to pay my share of my daughter's tuition expenses, and even though I had her student ID, I was still not able to even make a payment because my daughter has not granted me access to do so." CP at 234. However, Dawn did not present evidence that she requested access to enrollment or academic records from Sheridan.

On November 22, the court denied the motion for reconsideration. Dawn appeals the court's order denying her motion for reconsideration. In this appeal, Dawn asserts that RCW 26.19.090 (4) requires a student who is receiving postsecondary support to give access, including consent, to each parent for all academic records and grades as a condition of receiving postsecondary support, even in the absence of a request by the parent.

2

ANALYSIS

I.  RCW 26.19.090(4):  POSTSECONDARY SUPPORT

Dawn argues the court abused its discretion by determining that Dawn was required to pay past due postsecondary support.  We hold that the court did not abuse its discretion.

A.  PRINCIPLES OF LAW

The standard of review for child support decisions is whether the trial court abused its discretion.  *In re Marriage of Fiorito*, 112 Wn. App. 657, 663, 50 P.3d 298 (2002); *In re Marriage of Jess*, 136 Wn. App. 922, 926, 151 P.3d 240 (2007).  "A trial court abuses its discretion only when its decision is manifestly unreasonable or based on untenable grounds."  *Fiorito*, 112 Wn. App. at 663-64.  The court makes a manifestly unreasonable decision "if it is outside the range of acceptable choices, given the facts and the applicable legal standard."  *Fiorito*, 112 Wn. App. at 664 (citing *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)).  "A trial court abuses its discretion by misinterpreting a statute or rule."  *Diaz v. State*, 175 Wn.2d 457, 462, 285 P.3d 873 (2012).

"A document is unambiguous if its terms are susceptible to solely one meaning."  *Jess*, 136 Wn. App. at 926.  If a child support order is unambiguous we interpret it as written.  *Jess*, 136 Wn. App. at 926.  We apply the de novo standard of review to the interpretation of a child support order.  *In re Marriage of Sprute*, 186 Wn. App. 342, 349, 344 P.3d 730 (2015).  Similarly, we apply the de novo standard of review to the interpretation of a statute as this presents a question of law.  *Sprute*, 186 Wn. App. at 349.  When interpreting a statute, "[o]ur starting point is to interpret the plain meaning of the language on the face of the statute and closely related statutes in light of the underlying legislative purpose."  *In re Marriage of Drlik*, 121 Wn. App. 269, 276, 87 P.3d

1192 (2004). When there is no statutory definition, we may determine plain meaning by referring to a dictionary definition. *Drlik*, 121 Wn. App. at 277 (quoting *Dahl-Smyth, Inc. v. City of Walla Walla*, 148 Wn.2d 835, 842-43, 64 P.3d 15 (2003)).

RCW 26.19.090(4) requires, "The child shall also make available all academic records and grades to both parents as a condition of receiving postsecondary educational support. Each parent shall have full and equal access to the postsecondary education records as provided in RCW 26.09.225." RCW 26.09.225 provides,

> (1) Each parent shall have full and equal access to the education and health care records of the child absent a court order to the contrary. Neither parent may veto the access requested by the other parent.
> . . . .
> (3) Educational records of postsecondary educational institutions are limited to enrollment and academic records necessary to determine, establish, or continue support ordered pursuant to RCW 26.19.090.

B. THE COURT DID NOT ERR

Dawn argues that there is no evidence that the parties' daughter, Sheridan, gave consent for Dawn to have access to her academic records and grades as required by RCW 26.19.090(4), thereby relieving her of her obligation to pay postsecondary support to Sheridan. Dawn contends that "[g]iving consent to [Dawn] for access to the [sic] all of the Parties' daughter's academic records and grades is a condition for [Dawn's] daughter to receive post-secondary support from [Dawn]." Br. of Appellant at 10. Therefore, she states that because Sheridan did not give her access, the court abused its discretion in awarding past due postsecondary support because its decision was based on an untenable ground.

*Jess* is instructive regarding the interpretation of the child support order. In *Jess*, the court entered a child support order that provided for postsecondary educational support, which required

the parties' son, Phillip, to "'mak[e] available all academic records and grades to both parents'" in order for him to receive postsecondary educational support. 136 Wn. App. at 925 (alteration in original). Later, Phillip and his mother moved for an order against Phillip's father for unpaid postsecondary educational support. *Jess*, 136 Wn. App. at 925. The trial court determined that Phillip had failed to fulfill conditions by not providing his father with copies of his academic records and grades, written notices of his intent to attend school, and financial records for the cost of tuition, books and school supplies, and room and board. *Jess*, 136 Wn. App. at 925.

On appeal, Division Three of this court noted that the term "make available" in RCW 26.19.090(4) is not defined by the legislature. *Jess*, 136 Wn. App. at 926. It therefore referred to the dictionary that defines "available" as "'accessible or may be obtained.'" *Jess*, 136 Wn. App. at 926-27 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 150 (1993)). The court determined that based on this dictionary definition "'make available' does not require Phillip to actually 'provide' or 'give' his father the information without being requested to do so." *Jess*, 136 Wn. App. at 928. There was no evidence that the father had requested transcripts or school enrollment information or that Phillip had withheld consent for that information. *Jess*, 136 Wn. App. at 928. Thus, the court held that the trial court erred. *Jess*, 136 Wn. App. at 928-29.

Likewise, here, the postsecondary support order is conditioned on the requirement in RCW 26.19.090(4) that "[t]he child shall also make available all academic records and grades to both parents as a condition of receiving postsecondary educational support. Each parent shall have full and equal access to the postsecondary education records as provided in RCW 26.09.225."

Dawn asserted in her declaration, "[j]ust recently, the court ordered me to pay my share of my daughter's tuition expenses, and even though I had her student ID, I was still not able to even

make a payment because my daughter has not granted me access to do so." CP at 234. But similar to *Jess*, there is no evidence in the record that Dawn requested access to enrollment or academic records from Sheridan or that Sheridan withheld consent. Dawn agrees that the record shows that Sheridan provided "grades, spreadsheets, and proof of expenses" as well as her student ID and social security number. Br. of Appellant at 8. Because "make available" does not require the child to actually give or provide access without being requested to do so, Dawn's argument fails.

In the conclusion section of Dawn's brief to this court she mentions the FERPA and notes its requirement that a student must give consent for anyone other than the student to have access to the student's records. It is unclear why Dawn mentions FERPA because it would not alter either the superior court's or this court's analysis of whether the term "make available," as used in RCW 26.19.090(4), required Sheridan to sua sponte provide records to Dawn that Dawn had not specifically requested. In any event, Dawn provides no argument or citation to authority about why the existence of FERPA should affect our analysis, so we do not consider this portion of her argument. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Therefore, we reject Dawn's argument.

## II. ATTORNEY FEES

Both parties request attorney fees. RAP 18.1(b) requires the party to "devote a section of its opening brief to the request for the fees or expenses." "The rule requires more than a bald request for attorney fees on appeal. Argument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees as costs." *Stiles v.*

*Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012) (citation omitted). Here, the parties do not provide a separate section in their briefs or provide argument or citation to authorities. Therefore, we decline to award attorney fees to either party on appeal.

CONCLUSION

We hold that the trial court did not err in finding that Dawn was required to pay past due postsecondary support. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

GLASGOW, J.