IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of

MARGARET JOSETTE PERRINE,

                Respondent,

and

MATTHEW DAVID PERRINE,

                Appellant,

No. 81453-2-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, C.J. — Matthew Perrine appeals an order of child support for his child with Margaret Perrine. Because the trial court did not require Margaret[1] to make a transfer payment and did not credit Matthew for health care expenses paid for the child, we vacate the support order and remand to the trial court to enter a child support order nunc pro tunc consistent with this opinion.

FACTS

Matthew and Margaret married in January 1991 and separated in May 2018. Although the agreed parenting plan provided that both parents would "aspire to a 50/50 residential schedule," the plan allowed their 16-year-old child to choose where to reside.

---

[1] We refer to the parties by their first names to avoid confusion. No disrespect is intended.

Citations and pin cites are based on the Westlaw online version of the cited material.

The child chose to reside exclusively with Matthew and did not reside with Margaret at any point after April 2019.

Following a January 2020 trial on the economic issues, the trial court entered final dissolution orders that the parents asked to be reconsidered. The trial court later entered an amended decree of dissolution awarding Margaret 56 percent of the parties' community property, with her share valued at almost $1,660,000, and awarding her $7,500 in monthly spousal maintenance for 5 years.

In an amended order of child support, the trial court found Matthew's monthly net income to be $8,335 and Margaret's to be $7,500. Using the standard calculation for child support obligations, the trial court determined the presumptive monthly support obligation to be $827 for Matthew and $746 for Margaret.[2] However, the trial court denied Matthew credit for his payment of the child's health care premium and failed to allocate uninsured medical expenses in proportion to income. The trial court decided Matthew was the obligor, but neither parent was obligated to make a transfer payment for the child in this case.

Matthew appeals.

ANALYSIS

Matthew challenges the amended order of child support on two grounds. He asserts the trial court deviated from the standard calculation based on a residential schedule that did not exist in fact. He also asserts the trial court improperly failed to

---

[2] These transfer payment amounts did not account for any credits resulting from health care expenses incurred on behalf of the child. Moreover, based on these amounts, the trial court determined Matthew to be the obligor parent.

credit payment of health insurance premiums and failed to allocate uninsured expense based on income.

We review child support orders for an abuse of discretion. In re Marriage of Jess, 136 Wn. App. 922, 926, 151 P.3d 240 (2007). A trial court abuses its discretion if its decision is manifestly unreasonable or its ruling is based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 906 P.2d 1009 (1997). The trial court's findings of fact must be supported by substantial evidence.[3] In re Parentage of Goude, 152 Wn. App. 784, 790, 219 P.3d 717 (2009).

A. Transfer Payment

Because the child resided solely with Matthew, he argues the trial court abused its discretion by deviating based on an aspirational 50/50 residential schedule, designating him as the obligor, and by not ordering Margaret to make a transfer payment to him. We agree.

After determining the presumptive amount of child support owed, a trial court has discretion to "deviate from the basic child support obligation based on a variety of factors, one of which is the amount of residential time the children spend with the parents." State ex rel. M.M.G. v. Graham, 159 Wn.2d 623, 636, 152 P.3d 1005 (2007). RCW 26.19.075(1)(d) provides

> The court may deviate from the standard calculation if the child spends a significant amount of time with the parent who is obligated to make a support transfer payment. The court may not deviate on that basis if the deviation will result in insufficient funds in the household receiving the support to meet the basic needs of the child or if the child is receiving temporary assistance for needy families. When determining the amount of the deviation, the court shall consider evidence concerning the increased expenses to a parent making support transfer payments resulting from the

---

[3] "Substantial evidence is that which is sufficient to persuade a fair-minded person of the truth of the matter asserted." In re Marriage of Katare, 175 Wn.2d 23, 35, 283 P.3d 546 (2012).

significant amount of time spent with that parent <u>and shall consider the decreased expenses, if any, to the party receiving the support resulting from the significant amount of time the child spends with the parent making the support transfer payment</u>.[4]

Here, the trial court did not order Margaret to make a transfer payment, deviating from her basic child support obligation, based on its findings that:

> [The child's] primary residence is currently with [Matthew], and she has discretion over her residential schedule.  She has spent no residential time with [Margaret] since April 2019, and it is unknown when this will change, although the parenting plan provides that both parents should work towards a 50/50 residential schedule.  Although the recent past has reflected a significant rift in [Margaret's] relationship with [the child], resulting in exclusive residential time with [Matthew], [Margaret] has been the primary caregiver for the majority of [the child's] life prior to the recent developments . . . Thus, the Court views this break in their relationship as temporary.  The Court has confidence that [Matthew] will work in good faith to repair the relationship between [Margaret] and [the child], and work towards a 50/50 residential schedule with [Margaret] in the very near future.  As such, any child support payments are considered under a presumptive 50/50 residential schedule as the parties have indicated they intend to work towards.

The record supports the first part of the trial court's finding: that the child (1) resides exclusively with Matthew and had for 10 months when the order was entered, (2) "has discretion over her residential schedule," (3) spent no time with Margaret since April 2019, and (4) has not said when, or if, this residential schedule will change.  Indeed, the trial court found that "it is unknown when this will change."

There is no basis, however, for the second part of the trial court's decision not to require Margaret to make a transfer payment because of a future, aspirational and speculative 50/50 residential schedule.[5]  While the trial court has discretion, that

---

[4] (Emphasis added.)

[5] Margaret relies on In re Parentage of A.L., 185 Wn. App. 225, 242, 340 P.3d 260 (2014), to say the payment of support need not be to the parent with whom the child resides a majority of the time.  Historically, child support was payable to the custodian with whom the child resided a majority of the time.  The Parenting Act of 1987 did not change that policy, it merely eliminated the use of the term custodian.

discretion is bound by the facts before the court, not speculation. Because the child resided exclusively with the father at the time the order was entered, the trial court abused its discretion in not requiring a transfer payment from the mother. [6] The record supports no other factual basis for deviation.

### B. Health Care Expenses

Matthew also claims his support obligation should have been reduced by the amount he paid for health insurance premiums and uninsured health care expenses for the child. Again, we agree.

"In reaching a net child support transfer payment, a parent who pays for health insurance is allowed a credit against his or her basic support obligation equal to the cost of the insurance." In re Marriage of Scanlon & Witrak, 109 Wn. App. 167, 175, 34 P.3d 877 (2001) (citing ch. 26.19 RCW, Appendix, Health Care Expenses). Here, the court entered the amount of the premium, but did not allocate it between parties to properly credit him. This was error.

RCW 26.19.080(2) requires the court to divide uninsured health care costs in proportion to income share of the parents. See In re Yeamans, 117 Wn. App. 593, 600, 72 P.3d 775 (2003) ("Once the trial court determines that extraordinary expenses are 'reasonable and necessary,' it is required to allocate them in proportion to the parents'

---

The policy of the child support statutes was to create at least a safe harbor in the principle residence of the child. The residential parent is presumed to satisfy their obligation under the support schedule by virtue of the child's residence. The other parent is to make the transfer payment. If there is any exception, it would be limited by the statutory bases for deviation.

The transfer payment is not a form of economic equalization for the parents. It is the parents' obligation to the child. The need for child support and the residence of the child were known when the maintenance was set. The child support order is not an opportunity to revisit that decision. See Marriage of Condie, 15 Wn. App. 2d 449, 456-57, 475 P.3d 993 (2020).

[6] We note that the court could have simply provided for a new order on child support by motion when the schedule in fact changed. Or, the trial court could have required periodic reviews to determine if circumstances had changed enough to allow Margaret to seek modification of the child support order.

income.").  The trial court did not do that.  It placed the responsibility entirely on Matthew.  This was error.

Neither of these actions is permissible as a deviation.  RCW 26.19.075 authorizes deviation from the standard calculation.  RCW 26.19.011(9) defines the standard calculation as the presumptive amount of support owed.  It does not provide for deviation from the standards by which the presumptive amounts are calculated.  It was an abuse of discretion to fail to allocate credit for the health care premium payments and to allocate uninsured health care costs other than in proportion the net income of the parties.

Accordingly, we vacate the support order and remand to the trial court to enter a child support order nunc pro tunc consistent with this opinion.[7]

_Mann, C.J._

WE CONCUR:

_Bowman, J._         _Appelwick, J._

---

[7] On remand, Margaret invites us to direct the trial court to reconsider its maintenance award to account for any transfer payment that she might be ordered to make.  That issue was neither properly raised nor briefed in this appeal, so we see no reason to provide such direction and decline the invitation to do so.