# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of<br><br>SHAWNA HUBBARD,<br><br>　　　　　Respondent,<br><br>　　　　　and<br><br>MARCUS ROSS,<br><br>　　　　　Appellant. | No. 83946-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Marcus Ross appeals an order denying his motion to revise a commissioner's ruling that his former spouse Shawna Hubbard was not in contempt of the parties' child support order. The child support order gave Ross the tax deduction for their older child M.A.R. and Hubbard the tax deduction for their younger child T.A.R. It then said when there is "only one child eligible for tax deduction purposes," Ross would have the deduction in odd years. (Capitalization omitted.) For the 2021 tax year, M.A.R. had turned 18. Ross still had a tax deduction for M.A.R. as an adult dependent, but sought the deduction for T.A.R. also, arguing M.A.R. was no longer a "child" so there was "only one child" remaining, entitling Ross to the deduction for T.A.R. in the odd year. The superior court commissioner disagreed, because "your children are always your children, whether they are 18, 8, or 88, they're still your children." We find no error and

affirm, given, as Dryden captured the same truism, "Men are but children of a larger growth."[1]

I

In 2009, Hubbard and Ross dissolved their marriage and entered into an agreed child support order for their two children, M.A.R. and T.A.R.  Hubbard v. Ross, No. 78682-2-I, slip op. at 1 (Wash. Ct. App. Nov. 18, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/786822.pdf.  On June 4, 2021, the superior court entered a final child support order.  Section 18 of the order provides in relevant part:

> The parties have the right to claim the children as their dependents for purposes of personal tax exemptions and associated tax credits on their tax forms as follows:
>
> Every year - Shawna Hubbard has the right to claim [T.A.R.]; and Marcus Ross has the right to claim [M.A.R.].
> WHEN THERE IS ONLY ONE CHILD ELIGIBLE FOR TAX DEDUCTION PURPOSES:
> Alternating - SHAWNA HUBBARD has the right to claim the children for even years.  The other parent has the right to claim the children for the opposite years.

The commissioner who signed this order also entered a final order and findings on petition to modify child support, but that is not included in our record.

On February 3, 2022, Ross e-mailed Hubbard asking if she claimed T.A.R. on her 2021 tax return.  Hubbard did so, reasoning she followed the court order. At that time, M.A.R. was 18 years old and T.A.R. was 16 years old.  The following week, Ross filed a motion for an order to show cause why Hubbard should not be

---

[1] JOHN DRYDEN, ALL FOR LOVE act IV, sc. 1, l. 43 (N.J. Andrews ed., 2011) (first recorded performance in 1677).

held in contempt. Ross argued section 18's alternating clause was triggered once M.A.R. turned 18, leaving T.A.R. as the only "child," and Hubbard violated that clause by claiming T.A.R. as a dependent in 2021. Ross conceded he could have claimed M.A.R. as a dependent but would have received only a $500.00 instead of a $6,000.00 tax exemption had he claimed T.A.R. The commissioner found Hubbard was not in contempt. Ross moved for revision of that order.

The superior court denied Ross's motion for revision and adopted the commissioner's findings. The court concluded the alternating language in section 18 takes effect only when Ross can no longer claim M.A.R. The court held Ross did not meet his burden to succeed on his motion for contempt because he failed to establish bad faith by a preponderance of the evidence. The superior court denied Ross's motion for reconsideration. Ross appeals.

II

Ross argues the superior court erred by misinterpreting the child support order's language, by failing to apply the proper definition of "child," and by denying his motion for contempt. We disagree.[2]

When an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's. Maldonado v. Maldonado, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). We review a superior court's decision on a contempt motion for an abuse

_____

[2] On September 18, 2023, Ross filed a motion to strike Hubbard's response brief or, in the alternative, moved for permission to supplement the record with a declaration and exhibits to rebut Hubbard's claims against him. We deny both requests. However, we have not considered Hubbard's statements that are not relevant to this appeal.

of discretion. In re Marriage of Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). A superior court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or based on untenable reasons. State v. Dye, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013).

A superior court's interpretation of a child support order is a question of law we review de novo. In re Marriage of Cota, 177 Wn. App. 527, 534, 312 P.3d 695 (2013). We interpret a child support order as written if it is unambiguous on its face. In re Marriage of Jess, 136 Wn. App. 922, 926, 151 P.3d 240 (2007). A document is unambiguous if its terms are susceptible to solely one meaning. Id. We review a document's construction " 'by examining the document itself to find out its intended effect.' " Id. (quoting In re Marriage of Monaghan, 78 Wn. App. 918, 924, 899 P.2d 841 (1995)).

Ross cites statutes, including RCW 26.33.020(3), RCW 13.36.030(1), and RCW 26.44.020(2), governing adoption, guardianship, and abuse of children, which he says define "child" as a person under eighteen years of age. None of these statutes controls the meaning of "child" as the term is used in section 18 of the parties' child support order. Neither the child support enforcement provisions under chapter 26.18 RCW nor the child support schedule provisions under chapter 26.19 RCW define "child." Other statutory provisions define "child" more broadly. RCW 26.18.020 defines "dependent child" as "any child for whom a support order has been established or for whom a duty of support is owed." We have previously held that "child" does not necessarily mean a person under eighteen years of age. See State v. Chenoweth, 188 Wn. App. 521, 531, 354 P.3d 13 (2015) (holding "any

4

child" as used in RCW 5.60.060(1) means the child of either spouse, regardless of age).

The child support order uses the term "child" elsewhere to refer to the children after age 18. Section 16 provides, "Support must be paid for each child until the child turns 18 or is no longer enrolled in high school, whichever happens last, unless the court makes a different order in section 17." This provision contemplates the possibility of the children's continued enrollment in high school beyond age 18. For T.A.R., section 17 requires the parents to pay for post-secondary educational support. For M.A.R., section 17 requires each parent to pay their proportional share of tuition and books necessary for M.A.R. to obtain his two year degree at any Washington State community college, but "[t]he child shall be responsible for supplies and additional fees." Both T.A.R. and M.A.R. will be over 18 before their parents' post-secondary educational support obligations end, yet are still referred to as "child" or "children" in the child support order.

Section 18's alternating tax deduction schedule is triggered when "there is only one child eligible for tax deduction purposes." At the hearing before the commissioner, Ross admitted he could still claim M.A.R. and receive a $500.00 tax deduction. Because M.A.R. is both Ross's child and eligible for tax deduction purposes, the alternating clause was not triggered, and Ross did not show by a preponderance of the evidence that Hubbard engaged in bad faith by claiming T.A.R. on her 2021 tax return. Accordingly, the superior court did not abuse its discretion by denying Ross's motion for contempt.

5

Ross's final assignment of error claims the superior court erred by "failing to enter written findings of fact or conclusions of law." "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). We will not consider a claim of error that a party fails to support with legal argument in the opening brief. Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 845, 347 P.3d 487 (2015). Ross offers no argument in support of this assignment, so we decline to consider it.

Affirmed.

_Birk, J._

WE CONCUR:

_Feldman, J._     _Coburn, J._

6